**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Luis ESTRADA, Defendant—
Appellant.**

**No. 09–10113.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

Liza M. Granoff, Esquire, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Mark Willimann, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Jose Luis Estrada appeals from his 21–month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Estrada contends that his sentence is unreasonable because, among other things, the district court failed to adequately consider the fact that his original sentence may have been based on a miscalculated

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Guidelines range. This contention is belied by the record. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc); *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir.1993) ("An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence").

Estrada also argues that the court failed to adequately explain why it was ordering the 21–month sentence imposed upon revocation to run subsequent to another federal sentence. The record reflects that the district court did not err in this regard. *See United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir.2005).

To the extent that Estrada challenges the substantive reasonableness of his sentence, the sentence is not substantively unreasonable, under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**